No. 12-2921

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

CHARLES GOODWIN,
Defendant-Appellant.

Appeal From the United States District Court
For the Central District of Illinois
Case No. 2:11-cr-20036-RM-BGC
The Honorable Judge Richard Mills

REPLY BRIEF OF
DEFENDANT-APPELLANT CHARLES GOODWIN

FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF ILLINOIS
600 E. Adams St., 2nd Floor
Springfield, Illinois 62701
Telephone:   (217) 492-5070
Fax:   (217) 492-5077
Email:   daniel_hansmeier@fd.org

JONATHAN E. HAWLEY
Chief Federal Public Defender

DANIEL T. HANSMEIER
Staff Attorney/Branch Deputy

Attorneys for Defendant-Appellant,
CHARLES GOODWIN

**ORAL ARGUMENT REQUESTED**

**CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __12-2921_____

Short Caption: __U.S. v. Charles Goodwin_____

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement stating the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

**[X]  PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

 Charles Goodwin_____

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Jonathan E. Hawley, John C. Taylor, Daniel J. Hillis, and **Daniel T. Hansmeier** of the Federal Public Defender's Office for the Central District of Illinois.

(3)    If the party or amicus is a corporation: N/A

   i)    Identify all its parent corporations, if any; and

      ___N/A_____

   ii)   list any publicly held company that owns 10% or more of the party's or amicus' stock:

      ___N/A_____

===================================================================

Attorney's Signature: __s/Daniel T. Hansmeier_____    Date: __Octo ber 1, 2012____

Attorney's Printed Name: __Daniel T. Hansmeier_____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes __X_  No

Address: __600 East Adams Street, 2nd Floor, Springfield, IL 62701_____

Phone Number: __217-492-5070_____
Fax Number: __217-492-5077_____
E-Mail Address: __daniel_hansmeier@fd.org_____

# TABLE OF CONTENTS

PAGE

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v
    CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v
    STATUTES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  x
    OTHER AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  xi

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   Whether 42 U.S.C. § 16913(d) is an unconstitutional delegation of legislative authority to the Executive Branch because that provision granted the Attorney General unlimited and unguided discretion to prosecute individuals with convictions that predate the enactment of SORNA for failure to register under SORNA? If so, whether the district court erred when it denied Mr. Goodwin's motion to dismiss the indictment because his prior conviction predates the enactment of SORNA?

    II.  Whether the district court committed plain error when it miscalculated the advisory Guidelines range for Mr. Goodwin's term of supervised release?

    III. Whether the district court abused its discretion when it imposed a number of special conditions of supervised release that are not reasonably related to the offense of conviction, involve a greater deprivation of liberty than necessary, and run afoul of the First Amendment to the United States Constitution?

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.   The district court abused its discretion when it imposed a number of special conditions of supervised release that are not reasonably related to the offense of conviction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.  The standard of review is abuse of discretion.. . . . . . . . . . . . . . . . . . . . . . . . 2

        B.  The proper remedy with respect to Conditions 4, 6, and 7 is to strike them in their entirety as improper, not to vacate the conditions and remand to give

the district court an opportunity to justify them. . . . . . . . . . . . . . . . . . . . . . . . 11

1.  Because the government fails to respond to the First Amendment concerns raised by Mr. Goodwin, it has waived the issue, and the conditions must be vacated. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2.  Because the government's response relies on an impermissible description of Mr. Goodwin's prior conviction, the government's proposed remedy should be rejected. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3.  The warrantless search and seizure provision in Condition 4 should also be vacated in light of the government's failure to offer a meaningful response... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

C.  Condition 5 is overbroad and inconsistent with 18 U.S.C. § 3583(d) in that it prohibits incidental contact with minors and contact with minor family members for no apparent reason.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P. 32(a)(7)(C).. . . . . . . . . . . . . . 27

iv

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Connecticut Nat. Bank v. Germain*, 503 U. S. 249 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Greenlaw v. United States*, 554 U.S. 237 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*LNC Finance Corp. v. Onwuteaka*, 129 F.3d 917 (7th Cir. 1997).. . . . . . . . . . . . . . . . . . . . . 13

*Long v. Teachers' Ret. Sys. of Illinois*, 585 F.3d 344 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . 21

*Mahaffey v. Ramos*, 588 F.3d 1142 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Montejo v. Louisiana*, 556 U.S. 778 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*NASA v. Nelson*, 131 S.Ct. 746 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S.Ct. 1885 (2011) . . . . . . . . . . . . . 7

*Shepard v. United States*, 544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*United States ex rel. Welch v. Lane*, 738 F.2d 863 (7th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Acox*, 595 F.3d 729 (7th Cir. 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Albertson*, 645 F.3d 191 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Angle*, 598 F.3d 352 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Arberry*, 612 F.3d 898 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Aviles-Solarzano*, 623 F.3d 470 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Bartlett*, 567 F.3d 901 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Bee*, 162 F.3d 1232 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

v

*United States v. Blinkinsop*, 606 F.3d 1110 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Boston*, 494 F.3d 660 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Brigham*, 569 F.3d 220 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Brown*, 662 F.3d 457 (7th Cir. 2011), *vacated on other grands sub nom. Vance v. United States*, 133 S.Ct. 65 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9

*United States v. Castro-Juarez*, 425 F.3d 430 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Courtland*, 642 F.3d 545 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Deatherage*, 682 F.3d 755 (8th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Ellis*, 622 F.3d 784 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. England*, 507 F.3d 581 (7th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Figueroa*. 622 F.3d 739 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Fuchs*, 635 F.3d 929 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Gear*, 2011 WL 1321253 (7th Cir. Apr. 2, 2011). . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hagler*, __ F.3d __, 2012 WL 5870717 (7th Cir. Nov. 21, 2012). . . . . . . . . . 21

*United States v. Hall*, 608 F.3d 340 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Harris*, 567 F.3d 846 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Hussein*, 664 F.3d 155 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Jackson*, 546 F.3d 465 (7th Cir. 2008)....................................8

*United States v. Lopez-Hernandez*, 687 F.3d 900 (7th Cir. 2012). ........................16

*United States v. Love,* 593 F.3d 1 (D.C. Cir. 2010)....................................20

*United States v. Mark*, 425 F.3d 505 (8th Cir. 2005). ................................24

*United States v. McEnry*, 659 F.3d 893 (9th Cir. 2011)................................14

*United States v. Mike*, 632 F.3d 686 (10th Cir. 2011)...................................10

*United States v. Miller*, 601 F.3d 734 (7th Cir. 2010)....................................8

*United States v. Miller*, 665 F.3d 114 (5th Cir. 2011)...................................19

*United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007)..................................8

*United States v. Monteiro*, 270 F.3d 465 (7th Cir. 2001). ...............................21

*United States v. Poitra*, 648 F.3d 884 (8th Cir. 2011)....................................18

*United States v. Schroeder*, 536 F.3d 746 (7th Cir. 2008)................................8

*United States v. Simmons,* 343 F.3d 72 (2d Cir. 2003)..................................18

*United States v. Simon*, 614 F.3d 475 (8th Cir. 2010). ..............................9, 24

*United States v. Smith*, 655 F.3d 839 (8th Cir. 2011)....................................23

*United States v. Snyder*, 635 F.3d 956 (7th Cir. 2011)....................................8

*United States v. Stadfeld*, 689 F.3d 705 (7th Cir. 2012). ................................12

*United States v. Stotler*, 591 F.3d 935 (7th Cir. 2010). .................................13

*United States v. Stults*, 575 F.3d 834 (8th Cir. 2009)...................................20

vii

*United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Villegas-Miranda*, 579 F.3d 798 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Walters*, 643 F.3d 1077 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

*United States v. Wiedower*, 634 F.3d 490 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Williams*, 553 F.3d 1073 (7th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

18 U.S.C. § 2256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. § 2256(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. § 2256(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 15, 23, 25

18 U.S.C. § 3553(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3583(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18, 21, 22, 26

42 U.S.C. § 16913(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

Fed. R. App. P. 10(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. App. P. 28(a)(8)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. App. P. 28(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Crim. P. 32(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Crim. P. 32(f)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Crim. P. 32(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Crim. P. 32(i)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Crim. P. 51. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9

Fed. R. Crim. P. 51(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

Fed. R. Crim. P. 51(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

Fed. R. Crim. P. 404(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Office of Probation and Pretrial Services, Administrative Office of the United States Courts, *The Presentence Investigation Report* IV-3 (Rev. Mar. 2006). . . . . . . . . . . . . . . . . . . . . . 3

7th Cir. R. 10(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sex Offender Registration and Notification Act ("SORNA"). . . . . . . . . . . . . . . . 1, 19, 20

U.S. CONST. Amend. I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,11, 12, 14, 26

U.S.S.G. § 5D1.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 22

## ISSUES PRESENTED FOR REVIEW

I.  Whether 42 U.S.C. § 16913(d) is an unconstitutional delegation of legislative

authority to the Executive Branch because that provision granted the Attorney

General unlimited and unguided discretion to prosecute individuals with

convictions that predate the enactment of SORNA for failure to register under

SORNA? If so, whether the district court erred when it denied Mr. Goodwin's

motion to dismiss the indictment because his prior conviction predates the

enactment of SORNA?

II.  Whether the district court committed plain error when it miscalculated the advisory

Guidelines range for Mr. Goodwin's term of supervised release?

III. Whether the district court abused its discretion when it imposed a number of special

conditions of supervised release that are not reasonably related to the offense of

conviction, involve a greater deprivation of liberty than necessary, and run afoul of

the First Amendment to the United States Constitution?

# ARGUMENT

Mr. Goodwin has nothing to add on either of the first two issues. The parties

disagree on the first, but agree on the second. On the latter, as the government

concedes, because the district court miscalculated the advisory Guidelines range, this

Court should vacate the life term of supervised release and remand for resentencing.

The government's response to the third issue, however, warrants a reply.

**I.  The district court abused its discretion when it imposed a number of special conditions of supervised release that are not reasonably related to the offense of conviction.**

**A.  The standard of review is abuse of discretion.**

In his Opening Brief, citing Federal Rule of Criminal Procedure 51, Mr. Goodwin

explained that the standard of review was for an abuse of discretion, and not plain

error, because he had no opportunity to object prior to the district court's imposition of

the objectionable special conditions of supervised release. In response, the government

asserts that "[t]he record belies his claim." Resp.Br. at 30. According to the government,

the PSR Addendum included "explicit notice that the district court might impose every

condition that Goodwin now challenges." *Id.*

The government is wrong. The PSR Addendum is a one-page document, numbered

page 22 (the PSR was 21 pages long). It notes that the government had no objections to

the PSR and that the defendant's objections were resolved. That is it. It says nothing of

conditions of supervised release.

Nor would it. The purpose of a PSR Addendum is to "alert[] the court to those issues that the judge will have to resolve at sentencing in summary fashion." Office of Probation and Pretrial Services, Administrative Office of the United States Courts, *The Presentence Investigation Report* IV-3 (Rev. Mar. 2006)[1]. "The addendum provides a synopsis of the unresolved objections by counsel and the officer's position as to each objection." *Id.*; *see also* Fed. R. Crim. P. 32(g). It does not include *new* information, and here, the PSR was silent with respect to the conditions of supervised release. *See id.*; *see generally* PSR.

This silence is not by design. Probation officers are instructed to include a section on supervised release, including any conditions of supervised release. *The Presentence Report* III-34-39. This makes sense when one considers that there is an entire Guideline devoted solely to conditions of supervised release. U.S.S.G. § 5D1.3. Yet, in this case, the PSR said nothing of conditions of supervised release. *See generally* PSR.

The government cannot seriously deny this. Instead, it apparently hangs its hat on a letter sent from the probation officer to Mr. Goodwin's trial attorney and the prosecutor. The only reason undersigned counsel knows of this letter is because the case

---

[1]This source is available at:
http://www.fd.org/docs/select-topics---sentencing/the-presentence-investigation-report.pdf?sfvrsn=4

originated in his office. If undersigned counsel had been appointed by this Court, he would have no knowledge of this letter. The letter is not part of the record in this appeal, and, therefore, this Court would not have a copy of it.

A letter from a probation officer to an attorney, that is not docketed nor otherwise made part of the record, *see* Fed. R. App. P. 10(a), does neither party any good. "A court of appeals is limited to the record built in the district court, so arguments that depend on extra-record information have no prospect of success." *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010); *see also Montejo v. Louisiana*, 556 U.S. 778, 798 (2009) ("We do not venture to resolve these issues ourselves . . . because the relevant facts remain unclear."). Because the government's argument for plain-error review relies on extra-record information, it has "no prospect of success." *Acox*, 595 F.3d at 731; *see also* Seventh Circuit Rule 10(g).

Moreover, the government could have objected to the PSR's failure to include any special conditions of supervised release it thought appropriate. Fed. R. Crim. P. 32(f)(1). Had it done so, then the PSR Addendum would have included a discussion on special conditions of supervised release, Fed. R. Crim. P. 32(g), and Mr. Goodwin would have had an opportunity to object to any conditions proposed by the government, Fed. R. Crim. P. 32(f)(3), (i)(C). But it did not, and this failure is the fault of the government, not Mr. Goodwin.

The government also cites a footnote in *United States v. Brown*, 662 F.3d 457, 461 n.1 (7th Cir. 2011), *vacated on other grands sub nom. Vance v. United States*, 133 S.Ct. 65 (2012), for the proposition that Mr. Goodwin was required to object to the district court's imposition of the special conditions after the court imposed the conditions. In *Brown*, the district court imposed a non-existent mandatory minimum fine. *Id.* at 461. The defendant had no opportunity to object prior the imposition of the fine. *Id.* For that reason, citing Rules 51(a) and (b), the defendant asserted that review was de novo. *Id.* at 461 n.1. This Court disagreed, limiting the reach of Rule 51(a) "to issues that *were* raised before a judicial ruling," and holding that Rule 51(b) "requires litigants seeking to preserve issues not raised before a judicial decision to raise those issues 'when the court ruling or order is made or sought.'" *Id.*

This footnote in *Brown* creates an intra-Circuit split. In *United States v. Courtland*, 642 F.3d 545, 547 (7th Cir. 2011), the district court *sua sponte* submitted a "sentencing memorandum" well in advance of the sentencing hearing (almost three weeks prior). The defendants did not object to its content in the district court, but raised various challenges to the memorandum on appeal. *Id.* at 549. Over the government's objection, this Court reviewed the issues de novo, despite the defendants's failure to object to the memorandum below. *Id.* at 551.

In doing so, this Court noted that the district court referred to the "sentencing

memorandum" as an "opinion" and as an "order." *Id.* This Court held:

> We accept the court's characterizations, which connote finality, at face value. Under Federal Rule of Criminal Procedure 51(a), "[e]xceptions to rulings or orders of the court are unnecessary." *See also Bartlett*, 567 F.3d at 910 ("[T]he rules do not require a litigant to complain about a judicial choice after it has been made."). Instead, preserving a claim is ordinarily accomplished by raising the issue in advance of the ruling. *See* Fed. R. Crim. P. 51(b). Moreover, "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." *Id.* Here, the record does not reveal to what extent the defendants were on notice of the court's impending filing, and in any case under these unusual circumstances we could not ask them to anticipate the contents of the document.

*Id.*

And so, in *Courtland*, this Court interpreted Rule 51(a) to apply to all rulings or orders, not just those pertaining to issues already raised in the district court. Indeed, had that limiting gloss applied in *Courtland*, this Court would have reviewed for plain error, as the defendants had 20 days to object to the sentencing memorandum, yet never did. This Court in *Courtland* also refused to interpret Rule 51(b) as it was interpreted in the footnote in *Brown*, instead focusing on whether or not the party had the opportunity to object *prior to* the court's ruling, not *after* it. *Id.*

If it is not otherwise obvious that *Brown* and *Courtland* are in direct conflict, consider that the reply briefs filed in both cases were essentially identical on this standard-of-review issue (undersigned counsel authored both briefs). When the identical argument is accepted by one panel and rejected by another, an intra-Circuit conflict is the

inevitable consequence.

This Court should overrule the footnote in *Brown* in favor of its decision in *Courtland*. It is *Courtland* that is faithful to the plain, unambiguous text of Rule 51. The rule clearly provides that "[e]xceptions to rulings or orders of the court are unnecessary." Fed. R. Crim. P. 51(a). We know that an exception is a complaint about a judicial choice after it has been made, while an objection is a complaint about a judicial choice before it has been made. *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). Thus, the plain language of Rule 51(a) does not require a party to take exception to an order after it has been made. *See, e.g., Connecticut Nat. Bank v. Germain*, 503 U. S. 249, 253–254 (1992) ("When the words of a statute are unambiguous, then . . . judicial inquiry is complete.").

There is nothing in Rule 51 that suggests subsection (a) extends only to issues that were already raised, as this Court said in *Brown*. Instead, Rule 51(b) reinforces the plain language of Rule 51(a) by providing that a party is not prejudiced for failing to object if he had no opportunity to object. The plain language of the Rule is clear, and that ends the inquiry. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S.Ct. 1885, 1893 (2011) ("[o]ur inquiry must cease if the statutory language is unambiguous' . . . and 'the statutory scheme is coherent and consistent.'").

Other cases from this Court support *Courtland*'s interpretation of Rule 51. For

instance, in *United States v. Hall*, 608 F.3d 340, 346-47 (7th Cir. 2010), this Court reviewed de novo whether the district court failed to consider the 18 U.S.C. § 3553(a) factors despite the defendant's failure to object on this ground. In a long line of cases beginning with *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), this Court has also reviewed de novo whether a district court failed to give adequate consideration to a defendant's principal mitigating arguments, and this Court has done so despite the defendants's failure to object to the oversight below.[2] Moreover, this Court vacated and remanded in *United States v. Figueroa* under nondeferential review despite the defendant's failure to object to the extraneous and inflammatory comments made by the district court. 622 F.3d 739, 743-44 (7th Cir. 2010); *see also United States v. Miller*, 601 F.3d 734 (7th Cir. 2010) (vacating and remanding based on district court's reliance on unsupported comments at sentencing even though defendant did not object below); *United States v. Snyder*, 635 F.3d 956, 962 (7th Cir. 2011).

    *Figueroa* is consistent with cases from this Court and the Supreme Court that have vacated sentences based on inaccurate information, despite the defendant's failure to object to the use of such information. *See United States ex rel. Welch v. Lane*, 738 F.2d 863

---

[2]*See also United States v. Arberry*, 612 F.3d 898 (7th Cir. 2010); *United States v. Villegas-Miranda*, 579 F.3d 798, 801-03 (7th Cir. 2009); *United States v. Harris*, 567 F.3d 846, 854-55 (7th Cir. 2009); *United States v. Williams*, 553 F.3d 1073, 1084-85 (7th Cir. 2009); *United States v. Jackson*, 546 F.3d 465, 471-72 (7th Cir. 2008); *United States v. Schroeder*, 536 F.3d 746, 755-57 (7th Cir. 2008); *United States v. England*, 507 F.3d 581, 591-92 (7th Cir. 2007); *United States v. Miranda*, 505 F.3d 785, 792-94 (7th Cir. 2007).

(7th Cir. 1984) and cases cited therein; *see also United States v. Castro-Juarez*, 425 F.3d 430, 435 (7th Cir. 2005); *United States v. Gear*, 2011 WL 1321253 at *2 (7th Cir. Apr. 2, 2011) (unpublished) ("the error first appeared in the district judge's explanation of his sentence, after the presentations of counsel had been completed. Lawyers need not take exception to judicial rulings already made.").

If *Brown* is actually correct, then this Court, in one footnote, overruled all of this case law. In all of these cases, a party failed to take exception below, and in every case, this Court nonetheless vacated and remanded under non-deferential review. At no point in any of these cases did this Court require the defendant to establish plain error, nor should it in this case. Rule 51 is clear: exceptions to rulings are unnecessary, and that is especially true in cases such as this one, where the defendant had no opportunity to object.

The government cites six cases from other Circuits in support of its position, Resp.Br. at 31-32, but none of those cases discussed Rule 51, nor otherwise indicated that the defendant did not have an opportunity to object below. Indeed, in *United States v. Blinkinsop*, 606 F.3d 1110, 1113 (9th Cir. 2010), the district court actually gave the defendant an opportunity to object prior to the entry of judgment, but he simply thanked the judge. The defendant in *United States v. Simon*, 614 F.3d 475, 478 (8th Cir. 2010), received the probation officer's recommended conditions prior to the sentencing

9

hearing (or at least his attorney did), and so also had an opportunity to object. The defendants in *United States v. Deatherage*, 682 F.3d 755, 763 (8th Cir. 2012), and *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011), also had the opportunity to object at the sentencing hearing, and in fact made several objections. The decision in *United States v. Mike*, 632 F.3d 686, 693 (10th Cir. 2011), is inapposite because the court in that case reviewed the conditions for an abuse of discretion, not plain error.

It should also be noted that the government's characterization of Mr. Goodwin's position as an "invitation to relax the plain error standard of review" is inaccurate. Resp.Br. at 32. Mr. Goodwin does not ask this Court to "relax" plain error review; he asks this Court not to apply it at all.

Finally, in a footnote, the government asserts that, in *United States v. Angle*, 598 F.3d 352 (7th Cir. 2010), this Court held that a district court need not provide notice of its intent to impose special conditions of supervised release. Resp.Br. at 30 n.3. This is a generous reading of *Angle*, the facts of which involved a fourth sentencing hearing and a condition of supervised release clearly related to the offense of conviction. *Angle*, 598 F.3d at 361. But it is also irrelevant because the issue in this case has nothing to do with notice. It has to do with an opportunity to object, and the fact that this Court apparently has sanctioned surprise special conditions of supervised release is a reason for non-deferential review, not a reason for plain error review. It is one thing to impose a special

10

condition of supervised release without advance notice; it is quite another to limit

review to plain error when this happens, and the party has no opportunity to object.

**B. The proper remedy with respect to Conditions 4, 6, and 7 is to strike them in their entirety as improper, not to vacate the conditions and remand to give the district court an opportunity to justify them.**

Even if review is for plain error, the government concedes reversible, plain error

with respect to the imposition of Conditions 4, 6, and 7. Resp. Br. at 33-41. The remedy it

seeks, however, differs from the remedy sought by Mr. Goodwin. While Mr. Goodwin

has asked this Court to vacate the conditions as unrelated to the applicable statutes – 18

U.S.C. §§ 3553(a) & 3583(d) – and as precluded by the First Amendment, the

government asks this Court to remand the case to the district court "to explain its

reasons for ordering the three conditions." *Compare* Opening Br. at 9-10, *with* Resp. Br.

at 12. In doing so, however, the government ignores the First Amendment issue and

misrepresents the nature of Mr. Goodwin's prior criminal record. Without the latter

misrepresentation, the government presents nothing to demonstrate that the conditions

satisfy the criteria in 18 U.S.C. § 3583(d).

**1. Because the government fails to respond to the First Amendment concerns raised by Mr. Goodwin, it has waived the issue, and the conditions must be vacated.**

The first problem with the government's response and proposed solution is that it

ignores the First Amendment arguments made by Mr. Goodwin. Mr. Goodwin asserted

11

that the imposition of these conditions violated the First Amendment. Opening Br. at 10,

44-49, 51. He cited numerous cases in support of his position. *Id.* If he is correct, then a

remand to the district court would be futile. If correct, the issue is dispositive in Mr.

Goodwin's favor.

Yet, although the government acknowledges the argument, Resp. Br. at 34, it fails to

offer a response. The phrase "First Amendment" is found precisely once in the

government's brief, and that is only when the government acknowledges the argument

made by Mr. Goodwin. *Id.* This cannot be enough. The government cannot ignore a

dispositive issue in this appeal.

As the Supreme Court recently stated, "[t]he premise of our adversarial system is

that appellate courts do not sit as self-directed boards of legal inquiry and research, but

essentially as arbiters of legal questions presented and argued by the parties before

them." *NASA v. Nelson*, 131 S.Ct. 746, 756 n.10 (2011). And so,

> [i]n our adversary system, in both civil and criminal cases, in the first instance
> and on appeal, [courts] follow the principle of party presentation. That is,
> [courts] rely on the parties to frame the issues for decision and assign to courts
> the role of neutral arbiter of matters the parties present.

*Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

If a party fails to raise or properly develop an argument, the argument is deemed

waived. *See, e.g., United States v. Stadfeld*, 689 F.3d 705, 712 (7th Cir. 2012)

("Undeveloped arguments are considered waived."); *Mahaffey v. Ramos*, 588 F.3d 1142,

1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."); *see also United States v. Stotler*, 591 F.3d 935, 944 (7th Cir. 2010) (Sykes, J., dissenting) (referring to this principle as "axiomatic"). This principle is in accord with Federal Rule of Appellate Procedure 28(a)(8)(A), which requires that arguments in briefs contain "citations to the authorities and parts of the record on which the [party] relies." *See also* Fed. R. App. P. 28(b) (stating that this provision applies to an appellee's brief).

Thus, this Court expects parties "to cite authorities in support of a particular argument," and a failure to do so "constitutes a waiver of the issue." *LNC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 921 (7th Cir. 1997). "It is not enough for [a party] in his brief to raise issues; they must be pressed in a professionally responsible fashion." *LNC Finance*, 129 F.3d at 921 (quotation omitted). This Court is "not in the business of formulating arguments for the parties," *United States v. Courtright*, 632 F.3d 363, 370 (7th Cir. 2011), and it "has no duty to research and construct legal arguments available to a party," *LNC Finance*, 129 F.3d at 921 (quotation omitted).

This rule applies equally to the government. *See, e.g., United States v. Tichenor*, 683 F.3d 358, 363 (7th Cir. 2012) ("the government has waived the waiver argument"); *United States v. Fuchs*, 635 F.3d 929, 934 (7th Cir. 2011) ("the government has waived Fuchs's waiver"); *Stotler*, 591 F.3d at 944 (Sykes, J., dissenting). And so, in *Courtright*, 632

13

F.3d at 370, where an issue involved propensity evidence admitted under Federal Rule of Criminal Procedure 404(b), because the government failed to address the "propensity problem in its brief," this Court deemed the argument waived. Moreover, in *United States v. Ellis*, 622 F.3d 784, 796 (7th Cir. 2010), this Court found a double jeopardy violation "[i]n the face of [the government's] silence," noting that it was "hard-pressed to credit the opposite view of the evidence when the government has neither made nor supported an argument in favor of it." *See also United States v. McEnry*, 659 F.3d 893 (9th Cir. 2011) (holding that the government waived an argument not developed in its brief).

"[I]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Hussein*, 664 F.3d 155, 161 (7th Cir. 2011) (quotation omitted). That is all the government has done with respect to Mr. Goodwin's First Amendment argument. It has offered nothing in response to the argument, leaving this Court with the task of rebutting it. Therefore, the argument is itself waived, and, in light of the waiver, this Court should vacate the conditions because they violate the First Amendment.

**2. Because the government's response relies on an impermissible description of Mr. Goodwin's prior conviction, the government's proposed remedy should be rejected.**

Aside from the First Amendment, Mr. Goodwin also asserted that the conditions

were not reasonably related to the factors set forth in 18 U.S.C. § 3553(a) and involved a greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2). Opening Br. at 40-53. In response, the government admits that reversible plain error occurred because "neither the Probation Office nor the court explained the reasoning behind imposing the conditions," Resp.Br. at 40, but further suggests that on remand, the district court "might be able to explain" how the conditions are "necessary to prevent Goodwin's future criminal conduct," *id.* at 38.

The government then claims that Mr. Goodwin's "criminal history includes sexually abusing a minor." Resp. Br. at 38. In support, the government, without reservation, cites to the PSR's description of Mr. Goodwin's prior conviction from 1993, as reported by "[t]he Gulf County Sheriff's Office incident report." *Id.* at 4. In doing so, the government represents that "the facts underlying that conviction demonstrate extreme sexual deviance toward a young boy." *Id.* at 39.

What the government ignores is that Mr. Goodwin did not admit to the facts in the police report. PSR at 9-10; R.40 at 13-14. Rather, at the change-of-plea colloquy in the underlying state case, Mr. Goodwin admitted only that he exposed himself. *Id.* at 9-10. That is it. For this conduct, he received a non-custodial sentence of 3 months' community control and 3 years' probation. *Id.* at 9. The government cannot seriously believe that Mr. Goodwin would have received such a light sentence had he done what

15

the police report indicates he had done.

More importantly, the government's reliance on facts in a police report, rather than the facts admitted to by Mr. Goodwin, is contrary to Supreme Court precedent. Over seven years ago, in *Shepard v. United States*, 544 U.S. 13, 26 (2005), the Supreme Court made clear that, with respect to the character of a prior conviction, a sentencing court "is limited to the terms of the charging document, the terms of a plea agreement or transcript or colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard* explicitly rejected the proposition that a sentencing court can rely on "police reports or complaint applications" to determine the character or nature of a prior conviction. *Id.* at 16.

Consistent with *Shepard*, this Court has held that an unsubstantiated summary of a prior conviction in a PSR "does not satisfy the Supreme Court's requirement of a judicial record and thus is not . . . a proper basis for classifying a defendant's prior crimes for purposes of federal sentencing." *United States v. Aviles-Solarzano*, 623 F.3d 470, 474 (7th Cir. 2010). The lone exception is if the defendant fails to object to the summary in the PSR, *id.* at 475-76, and the police reports that supply the summary "at least arguably contain reliable information," *United States v. Lopez-Hernandez*, 687 F.3d 900, 902 (7th Cir. 2012).

16

This exception has no application here. Not only did Mr. Goodwin object, but he provided the transcript of the change-of-plea colloquy, in which he admitted only that "there was some showing of a, at least a showing of the sexual organs of the male" (the male presumably being Goodwin). PSR at 9-10.[3] While this information was appropriately included in the PSR, the PSR further included the allegations in the police report. *Id.* In light of Mr. Goodwin's objection and subsequent confirmation that he did not, in fact, plead guilty to the facts alleged in the police report, the summary of the police report should have been stricken from the PSR. *Shepard*, 544 U.S. at 26.

Just because this information is still in the PSR does not give the government a green light to cite to it on appeal. Mr. Goodwin objected to it, and he provided a transcript to verify its unreliability. The government never questioned Mr. Goodwin's factual basis below. And so, contrary to the government's position on appeal, the district court could not impose these conditions based on the allegations in the police report. Because the government relies solely on this misrepresentation, there is nothing else to do but to vacate the conditions.

The government does not even attempt to explain how the prior conviction, properly classified, could justify these conditions. Nor could it. Other than this one

---

[3]Through counsel, Mr. Goodwin further explained at the sentencing hearing that the charge arose because an individual who owed him money but refused to pay had his minor son report an inaccurate story to the police. R.40 at 13. The government offered no objection or rebuttal evidence to disprove any of this.

conviction from 20 years ago, Mr. Goodwin has absolutely nothing else in his background to indicate that he will commit future crimes against minors. Mr. Goodwin made that point in his Opening Brief; there is no need to repeat it here. The conditions do not satisfy the requirements in § 3583(d), and this Court should vacate them for this reason.

Briefly, Mr. Goodwin further notes that the cases cited by the government are inapposite. *United States v. Poitra*, 648 F.3d 884 (8th Cir. 2011), involved a much narrower limitation that dealt with "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) & (8), and the defendant in that case was a "repeat sexual offender" with a "high likelihood of sexual reoffending." Resp. Br. at 35. In contrast, the conditions imposed in this case reach much farther than the conduct defined in § 2256, and nothing in the PSR or elsewhere indicates any likelihood that Mr. Goodwin will commit another sex offense. Opening Br. at 6-7; *see generally* PSR.

*United States v. Simmons* involved a transportation of minor in foreign commerce and a production of child pornography conviction, where the defendant's conduct also included "videos of him engaging in various sexual acts with seemingly unconscious adult women." 343 F.3d 72 (2d Cir. 2003). A pornography prohibition in a case involving a defendant who has a history of producing such pornography is a much different case than this one.

18

In *United States v. Bee*, the defendant sexually abused a child, and the condition imposed, which limited the defendant's possession of "sexually stimulating or sexually oriented materials," was aimed to address his "sexual deviance problem." 162 F.3d 1232 (9th Cir. 1998). Mr. Goodwin did not sexually abuse a child, and his one prior sex offense happened 20 years ago. He has not committed another sex offense since then, and nothing in the PSR indicates that he is a sexual deviant.

*United States v. Brigham* concerned a conviction for child pornography, not a SORNA conviction, in which the defendant's "relevant offense conduct undisputedly involved posting or displaying a significant number of images that met the statutory definition of child pornography on an internet web site." 569 F.3d 220, 233-34 (5th Cir. 2009). Mr. Goodwin did no such thing. Indeed, there is no evidence that Mr. Goodwin has ever possessed or viewed pornography in his life, and especially not child pornography. The defendant in *Brigham* also admitted that he masturbated to a video depicting sex. *Id.* at 233. Mr. Goodwin has not. Finally, the condition imposed in *Brigham* was limited to "pornographic, sexually oriented or sexually stimulating materials," whereas one condition in this case reaches much further to materials that simply "depict or allude to sexual activity." *Compare id.* at 232, *with* Opening Br. at 7.

*United States v. Miller* involved a conviction for transportation of child pornography, where the child pornography also included adults, thereby permitting the district court

to conclude that "Miller's interest in 'sexually stimulating' materials involving adults is intertwined with his sexual interest in minors and thus, his offense." 665 F.3d 114, 136 (5th Cir. 2011). The PSR in that case also "documented the ways in which Miller's consumption of adult pornography impinged on his daily life." *Id.* This included downloading adult pornography on his work computer and using paid phone sex companies. *Id.* Again, Mr. Goodwin has done none of this. Neither his SORNA conviction in this case, nor his prior criminal history, has anything to do with pornography, let alone child pornography.

*United States v. Love* is yet another child pornography case, where the defendant sent an undercover agent child pornography over the Internet, "including one clip in which a child is forcibly raped," and attempted to elicit sex with a minor female. 593 F.3d 1, 4 (D.C. Cir. 2010). *United States v. Stults* is another child pornography case. 575 F.3d 834 (8th Cir. 2009). The defendant in that case also had a prior conviction for molesting his 11-year-old niece. *Id.* at 839 n.2. *United States v. Daniels* is also a child pornography case involving a defendant who discussed "sexual activity with children" in Internet chatrooms. 541 F.3d 915, 927 (9th Cir. 2008). *United States v. Boston* was a production of child pornography case. 494 F.3d 660 (8th Cir. 2007).

In contrast, this case has nothing to do with child pornography. This case has nothing to do with any type of pornography at all. The government provides no reason

why child pornography cases are relevant to this case. They are not. Nor does the government confront the excessive reach of the conditions imposed in this case. The government has offered no response to Mr. Goodwin's point that, under these conditions, he could not possess the Bible (among many, many other things). Opening Br. at 43-46. Nor does the government mention, let alone rebut, most of the cases cited in Mr. Goodwin's Opening Brief. *See id.* The conditions must be vacated because they do not satisfy the statutory requirements in § 3583(d).

3. **The warrantless search and seizure provision in Condition 4 should also be vacated in light of the government's failure to offer a meaningful response.**

With respect to Condition 4, Mr. Goodwin further asserted that its authorization of suspicionless searches was improper, especially in light of the district court's failure to justify the need for such suspicionless searches, as opposed to searches based on reasonable suspicion. Opening Br. at 52-53. He further objected to the portion of Condition 4 that permitted the suspicionless seizure of his computer equipment, citing *United States v. Monteiro*, 270 F.3d 465 (7th Cir. 2001).

The government's response to the first is relegated to a footnote in its brief. Resp. Br. at 42. As this Court just noted, "that fact alone would justify declining to address it." *United States v. Hagler*, __ F.3d __, 2012 WL 5870717 at *5 (7th Cir. Nov. 21, 2012); *see also Long v. Teachers' Ret. Sys. of Illinois*, 585 F.3d 344, 349 (7th Cir. 2009) ("A party may waive an argument by disputing a district court's ruling in a footnote or a one-sentence

21

assertion that lacks citation to record evidence."). The government did not respond to Mr. Goodwin's challenge to the seizure requirement. That failure constitutes waiver, as discussed above.

But even aside from these procedural issues, the government cannot dispute that the district court gave no reason for reading the "reasonable suspicion" requirement out of § 3583(d) and U.S.S.G. § 5D1.3. Those provisions allow for searches based on reasonable suspicion, not suspicionless searches, and, therefore, a suspicionless search requirement must be justified by the district court. Because that did not happen here, the conditions should be vacated. And that is especially true with respect to the warrantless seizure provision, as § 3583(d) says nothing of seizures.

### C. Condition 5 is overbroad and inconsistent with 18 U.S.C. § 3583(d) in that it prohibits incidental contact with minors and contact with minor family members for no apparent reason.

In response, the government again misrepresents the record in this case, referring to Mr. Goodwin's 1994 conviction as involving the restraint of "a nine-year-old boy and forcing him to both accept and provide oral sex." Resp. Br. at 44; *see also id.* at 47 (calling it "a violent sexual assault on a nine-year-old that he was babysitting"). Again, this is untrue. To reiterate, the government cites to a police report, but Mr. Goodwin never admitted to the facts in the police report, and in fact pleaded guilty to an "attempted lewd and lascivious act," not a completed one, admitting only that he exposed himself

to the child. PSR at 9-10; *see also* R.40 at 13. The government should know better than this. Its response suffers the same infirmity as its response to the other issues: it is based on a blatant misrepresentation of the record.

If this Court conducts a proper inquiry, divorced from the government's attempt to inject misleading and improper facts into this case, the answer is clear: the no-contact provision is not related to the relevant factors in § 3553(a). Mr. Goodwin has coexisted with minors for the last 20 years without even an allegation of improper behavior. Nor is there any evidence that Mr. Goodwin had improper contact with a minor prior to the 1993 incident. Mr. Goodwin is 52 years old. One incident in 52 years, in which his punishment amounted to a non-custodial sentence of 3 months' community control and 3 years' probation, does not support the sweeping no-contact ban imposed by the district court in this case.

The cases cited by the government, most from the Eighth Circuit, are inapposite because, unlike this case, they all involved defendants who actually, and more recently than 20 years ago, molested children. *United States v. Smith*, 655 F.3d 839 (8th Cir. 2011) (defendant had a prior sex offense from 12 year ago); *United States v. Walters*, 643 F.3d 1077, 1078 (8th Cir. 2011) (defendant sexually abused his eleven-year-old mentally challenged stepsister ten years prior, with much of the intervening ten years spent in prison, and had two negative incidents during his sex-offender treatment, including an

inconclusive polygraph exam and viewing pornography); *United States v. Simons*, 614

F.3d 475, 482 (8th Cir. 2010) (defendant had a prior conviction from 2005 for first degree

rape by force and fear of his 15-year-old sister-in-law).

Moreover, in *Walters*, the district court gave reasons for the condition, unlike in this

case. *Walters*, 643 F.3d at 1079. In *United States v. Mark*, 425 F.3d 505, 508 (8th Cir. 2005),

"the district court gave Mark what he requested." The condition in *United States v.*

*Albertson* was a ban on "associating" with minors. 645 F.3d 191, 194 (3d Cir. 2011). It was

not an all-encompassing no-contact ban like the one in this case. *Albertson* was also a

child pornography case, as are the cases cited by the government in footnote 7 on page

44. This case is not a child pornography case.

The government also disagrees that this condition involves a greater deprivation of

liberty than necessary, citing Mr. Goodwin's prior convictions for failure to register as a

sex offender. Resp. Br. at 44-45. The government fails to explain how these prior

convictions have anything to do with Mr. Goodwin's contact with minors. *Id.* There is

nothing about these convictions that suggest that Mr. Goodwin does not, and will not

continue to, behave himself in the presence of minors. PSR at 11-12. The PSR certainly

says no such thing, nor did the government below. Nor does the government provide a

coherent explanation as to why Mr. Goodwin's aggravated battery conviction from

1991, involving an *adult* victim, has anything to do with his contact with minors. Resp.

24

Br. at 47. It clearly does not.

But all of this is peripheral to the primary problem with this condition: its overbreadth. *See* Opening Br. at 54. As Mr. Goodwin explained, "this condition, if upheld, essentially ensures that Mr. Goodwin will spend the rest of his life confined to his home" because the condition precludes even incidental contact with minors. *Id.* As far as Mr. Goodwin can tell, the government does not deny this. Nor could it. The language of the condition provides no exceptions: Mr. Goodwin can have *no contact* with minors without prior approval by the probation officer.

Instead, the government notes that other Courts of Appeals (the Second, Third, and Sixth) have held that similar conditions "do not bar incidental interactions with minors unless they expressly so state." Resp. Br. at 46-47. Yet, the government does not ask this Court to follow suit, and it further cites a plethora of Eighth Circuit cases in support of its position, where the Eighth Circuit has not adopted this restrictive interpretation of such conditions. So, it is unclear exactly what the government wants this Court to do.

Mr. Goodwin's position is that the plain terms of the condition are overbroad, unrelated to the § 3553(a) factors, and involve a much, much greater deprivation of liberty than is necessary in this case. Putting aside the government's misrepresentation of the record, there is nothing in the record to support such a broad no-contract provision. The condition must be vacated like the others discussed above.

# CONCLUSION

For the foregoing reasons, and those expressed in Mr. Goodwin's Opening Brief, the district court erred when it denied Mr. Goodwin's motion to dismiss the indictment. Accordingly, this Court should vacate Mr. Goodwin's conviction. If the conviction stands, this Court should nonetheless vacate the life term of supervised release and remand for resentencing under the correct Guidelines range. Finally, this Court should vacate Conditions 4, 5, 6, and 7 because those convictions are not supported by § 3583(d) and also run afoul of the First Amendment.

Respectfully submitted,

JONATHAN E. HAWLEY
Chief Federal Public Defender

By:  s/ Daniel T. Hansmeier
DANIEL T. HANSMEIER
Staff Attorney/Branch Deputy

Attorneys for Defendant-Appellant,
CHARLES GOODWIN

**CERTIFICATE OF COMPLIANCE WITH FED.R.APP.P. 32(a)(7)(C)**

The undersigned certifies that this brief complies with the volume limitations of

Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32 in that it contains

6,555 words and 509 lines of text as shown by Word Perfect X6 used in preparing this

brief.

 s/ Daniel T. Hansmeier
DANIEL T. HANSMEIER
Staff Attorney/Branch Deputy

Dated:  December 14, 2012

No. 12-2921

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Central District of Illinois |
| Plaintiff-Appellee, | |
| vs. | Case No. 2:11-cr-20036-RM-BGC |
| CHARLES GOODWIN, | Hon. Richard Mills, United States District Judge, Presiding. |
| Defendant-Appellant. | |

**NOTICE OF FILING AND PROOF OF SERVICE**

TO:     Mr. Gino Agnello, Clerk, United States Court of Appeals, 219 S. Dearborn St., Chicago, IL 60604

Mr. Charles Goodwin, Reg. No. 17624-026, FCI Pekin, P.O. Box 5000, Pekin, IL 61555

Mr. Gregory Gilmore, Office of the U.S. Attorney, 318 S. Sixth Street, Springfield, IL 62701

I hereby certify that on December 14, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to all non-CM/ECF participants.

 s/ Daniel T. Hansmeier
DANIEL T. HANSMEIER
Staff Attorney/Branch Deputy
Office of the Federal Public Defender
600 E. Adams St., 2nd Floor
Springfield, Illinois 62701
Phone: (217) 492-5070
E-Mail: daniel_hansmeier@fd.org